[Crim. No. 12427. Third Dist. Aug. 15, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
KENNETH LEE JENKINS, Defendant and Respondent.

COUNSEL

George Deukmejian and John K. Van de Kamp, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller, W. Scott Thorpe and Gus Lee, Deputy Attorneys General, for Plaintiff and Appellant.

Lynn Hubbard III, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**PUGLIA, P. J.**—An information charged defendant with the felony of failure to appear after being released on his own recognizance. (Pen. Code, § 1320, subd. (b); all further statutory references are to sections of the Penal Code.) The record of the preliminary examination showed a failure to comply with section 1318 in that defendant had been released on his own recognizance without signing a written agreement acknowledging that he had been informed of the consequences and penalties of violating the conditions of his release. Citing this failure, defendant moved the superior court to dismiss the information (Pen. Code, § 995). The court granted the motion and the People appeal. (§ 1238, subd. (a).) We shall affirm the judgment of dismissal.

On April 27, 1982, the superior court released defendant on his own recognizance upon a pending felony charge of receiving stolen property. (§ 496.) At that time, defendant signed an agreement as follows:

"Kenneth Jenkins, defendant herein, pursuant to the provisions of section 1318.4 of the Penal Code of the State of California, does hereby agree that if released without bail and on his own recognizance:

"(a) He will appear at all times and places as ordered by the Court or magistrate releasing him and as ordered by any Court in which, or any magistrate before whom, the charge is subsequently pending.

"(b) If he fails to do so [sic] appear and is apprehended outside of the State of California, he waives extradition.

"(c) Any court or magistrate of competent jurisdiction may revoke the order of release and either return him to custody or require that he give bail or other assurance of his appearance as provided by law. . . ."

On May 21, 1982, defendant failed to appear at a hearing on motions made by his attorney and a bench warrant issued for his arrest. Thereafter, a felony complaint charging defendant with violating section 1320, subdivision (b), was filed in the justice court. Following a preliminary examination, defendant was held to answer and an information was filed in superior court.

Section 1318 became operative on January 1, 1981. (Stats. 1979, ch. 873, § 17, p. 3044.) It replaced section 1318.4 (repealed Stats. 1979, ch. 873, § 11, p. 3042) and added the requirement that a "defendant shall not be released from custody under an own recognizance" until he files a signed release agreement which includes an acknowledgment that he "has been informed of the consequences and penalties applicable to violation of the conditions of release." (§ 1318, subd. (a)(4).)[1] Section 1318 was in effect at the time of defendant's release on April 27, 1982, but the written agreement signed by him refers to section 1318.4 and tracks the language and requirements of the latter section which was repealed effective January 1, 1982.[2] ▪▪▪▪ The agreement contains no acknowledgment that defendant "has been informed of the consequences and penalties applicable to violation of the conditions of release." (§ 1318, subd. (a)(4).)[3]

---

[1]Section 1318 reads in full: "(a) The defendant shall not be released from custody under an own recognizance or pursuant to Section 1269d until the defendant files with the clerk of the court or other person authorized to accept bail a signed release agreement which includes: [¶] (1) The defendant's promise to appear at all times and places, as ordered by the court, magistrate or other person authorized by paragraph (3) of subdivision (a) of Section 1269d to release the defendant and as ordered by any court in which, or any magistrate before whom the charge is subsequently pending. [¶] (2) The defendant's promise not to depart this state without leave of the court. [¶] (3) Agreement by the defendant to waive extradition if the defendant fails to appear as required and is apprehended outside the State of California. [¶] (4) The acknowledgment of the defendant that he or she has been informed of the consequences and penalties applicable to violation of the conditions of release."

[2]Former section 1318.4 read: "To be released on his own recognizance the defendant shall file with the clerk of the court in which the magistrate or judge is presiding an agreement in writing duly executed by him, in which he agrees that: [¶] (a) He will appear at all times and places as ordered by the court or magistrate releasing him and as ordered by any court in which, or any magistrate before whom, the charge is subsequently pending. [¶] (b) If he fails to so appear and is apprehended outside of the State of California, he waives extradition. [¶] (c) Any court or magistrate of competent jurisdiction may revoke the order of release and either return him to custody or require that he give bail or other assurance of his appearance as elsewhere provided by this chapter."

[3]No evidence was presented to show defendant was ever actually informed of the consequences and penalties of his failure to appear. On appeal, the People request this court to take judicial notice of previous agreements signed by defendant in the justice court in the

Concurrent with the addition of section 1318, the Legislature added section 1320. Subdivision (b) of that section deals with the penal consequences of failure to appear by one charged with a felony and released on his own recognizance. (Stats. 1979, ch. 873, § 13, p. 3043.)

Subdivision (b) reads: "Every person who is charged with the commission of a felony who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony, and upon conviction shall be punished by a fine not exceeding five thousand dollars ($5,000) or by imprisonment in the state prison, or in the county jail for not more than one year, or by both such fine and imprisonment. It shall be presumed that a defendant who willfully fails to appear within 14 days of the date assigned for his or her appearance intended to evade the process of the court."

■ On appeal, the People contend failure to satisfy the acknowledgment requirement of section 1318 does not preclude a conviction for failure to appear under section 1320, subdivision (b), because the latter section does not expressly refer to section 1318 and does not itself require as one of its elements the acknowledgment required by that section. The People urge that compliance with section 1318, subdivision (a)(4), is a condition precedent only to a defendant's release on his own recognizance and has no relevance to a subsequent prosecution under section 1320.

The practice of releasing defendants on their own recognizance has a venerable history in California (see *Ex Parte Duncan* (1879) 54 Cal. 75, 78; *In re Berman* (1930) 105 Cal.App. 270, 271 [287 P. 373]). Until relatively recent times, however, the practice was largely extralegal, without general warrant in the Constitution or statutes.[4] (See Gustafson, *Bail in California* (1956) 44 Cal.L.Rev. 815, 826-827.) In 1959 the Legislature specifically authorized own recognizance releases. (Stats. 1959, ch. 1340, pp. 3612-3613; former §§ 1318-1319.6, repealed Stats. 1979, ch. 873, § 11, p. 3042, operative Jan. 1, 1981.) The 1959 statute applied compre-

---

prosecution for receiving stolen property which did so inform him.

A motion to dismiss challenges the sufficiency of the evidence before the magistrate. We need not decide whether substantial compliance will excuse literal compliance or, if so, whether the offered proof satisfactorily establishes substantial compliance with section 1318 because this proof was not introduced at the preliminary examination. The request to take judicial notice is therefore denied.

We note that a policy of accepting proof of substantial compliance in lieu of literal compliance in the instant context has little to recommend it. Literal compliance with section 1318 is easily achievable and simple to prove while resolution of recurring issues of substantial compliance would cast a significant burden on the judicial system.

[4]Since 1935, a person arrested for a misdemeanor Vehicle Code offense has been eligible to be "released from custody upon his own recognizance or upon such bail as the magistrate may fix" (former Veh. Code, § 738, now Veh. Code, § 40306).

hensively to any defendant who could be released on bail (former § 1318), prescribed the conditions to which defendant must in writing agree in order to secure such release (former § 1318.4, see fn. 2, *ante,* p. 25), and provided that wilful failure to appear as promised after such release constituted a separate crime (former §§ 1319.4, 1319.6).

While the present statute substantially retains many of the features of the 1959 law, the Legislature has made a significant addition to the contents of the written agreement defendant must execute as a condition of release: the signed agreement must include an acknowledgment that defendant "has been informed of the consequences and penalties applicable to violation of the conditions of release." (§ 1318, subd. (a)(4).) Under the statute, unless defendant complies with this and other prescribed conditions, he "shall not be released from custody under an own recognizance." (§ 1318, subd. (a).) The statute expressly defines and delimits the conditions of release under an own recognizance. The People do not suggest that the courts may ignore the statutory command and devise their own criteria for release on an own recognizance and we are satisfied that they may not. However else it might be characterized, a release without bail which does not comply with the specific requirements of section 1318 is not a release "under an own recognizance."

Here the information charged defendant with the substantive crime of wilful failure to appear by one charged with a felony "who is released from custody on his . . . own recognizance." (§ 1320, subd. (b).) Although it does not refer to section 1318, section 1320, subdivision (b), unmistakably assimilates that section's requirements by virtue of its exclusive application to those "released from custody on . . . own recognizance." The status of release on own recognizance is defined by section 1318; section 1320, subdivision (b), applies only to those who meet that description. The "own recognizance" release referred to in section 1320, subdivision (b), is one which conforms to the requirements of section 1318.

Since there was a failure of proof that each of the criteria enumerated by section 1318 was satisfied, defendant's release by the superior court pursuant to a signed but defective agreement was not on his own recognizance within the contemplation of section 1320, subdivision (b). Accordingly the evidence before the magistrate was insufficient to hold defendant to answer for trial in superior court on that charge.

We are reminded by the People of the principle that ignorance of the law does not excuse a violation thereof. (See *People* v. *Snyder* (1982) 32 Cal.3d 590, 592-593 [186 Cal.Rptr. 485, 652 P.2d 42].) We of course acknowledge the principle but must recognize that it has no application where the

Legislature manifests a contrary intent. ■ The criminal conduct proscribed by section 1320, subdivision (b), is grounded in the violation of a contractual agreement between a defendant and the People; absent constitutional constraints, the Legislature has plenary power to specify the terms and conditions of that contract.

The judgment of dismissal is affirmed.

Sparks, J., and Sims, J., concurred.