Filed 8/19/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

**(Butte)**

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>COLETTE JEAN EANDI,<br><br>        Defendant and Respondent. | C078257<br><br>(Super. Ct. No. CM042230) |

APPEAL from a judgment (order of probation) of the Superior Court of Butte County, James F. Reilley, Judge. Vacated and remanded with directions.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Heather S. Gimle, Deputy Attorneys General, for Plaintiff and Appellant.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Respondent.

A complaint filed on November 4, 2014, alleged that defendant Colette Jean Eandi willfully failed to appear in August 2014 on a *felony* charge of possessing a controlled

1

substance (Pen. Code, § 1320, subd. (b))[1] and alleged an enhancement for committing this offense while released from custody on her own recognizance (§ 12022.1). Defendant entered a plea of no contest the next day in exchange for dismissal of the enhancement with a *Harvey*[2] waiver; the trial court also dismissed the underlying possession charge in case No. CM041535 (Health & Saf. Code, § 11377, subd. (a)). Defendant was referred to probation for a presentence report.

By operation of a November 2014 initiative, defendant's crime of drug possession had been reduced to a misdemeanor at the time of its dismissal on November 5, 2014. (Health & Saf. Code, § 11377 [see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 13, p. 73].) On this basis, at sentencing on December 3, 2014, the trial court concluded that it should amend the charge of a felony violation of section 1320, subdivision (b) for failure to appear on felony charges to a misdemeanor violation of section 1320, subdivision (a) for failure to appear on misdemeanor charges. (The trial court indicated it would be "inclined" to exercise discretion under section 17 to reach the same result under the original felony charge, it being a so-called "wobbler.")[3] The trial court suspended imposition of sentence and granted probation to defendant subject to various conditions. The People filed a timely notice of appeal. (§ 1238, subd. (a)(6).) Defendant did not cross-appeal from the order of probation.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] "Wobbler" is the jargon term in criminal law for an offense that can be punished either as a felony or a misdemeanor. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).)

The People contend the trial court's action was unauthorized. We agree, and we will thus vacate the order of probation, allowing the trial court to exercise its discretion on remand to reduce the offense to a misdemeanor pursuant to section 17 or not.[4]

The facts underlying the offense are immaterial. For this reason, simply for context, we note the probation report stated defendant was found with methamphetamine in her possession in her home in June 2014. She failed to appear for her arraignments in July and August 2014. The trial court issued an arrest warrant. The warrant was served and defendant was taken into custody on October 31, 2014. Defendant told the probation officer that her failure to appear stemmed from transportation difficulties because she does not drive.

## DISCUSSION

Section 1320 was not among the offenses explicitly included in the text of the Proposition 47 initiative or the analysis of the Legislative Analyst. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) pp. 35-36, 71-73.) We are thus not concerned here with the lack of any *direct* effect of the initiative on defendant's conviction for failure to appear, contrary to the manner in which the People have framed their appeal.

Failure to appear is a crime of deceit that is premised on a defendant's breach of a contractual agreement. (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28.) Because it is the breach of this *promise* that is the gist of the offense, the ultimate disposition of the underlying offense is immaterial. (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [it is

---

[4] Although this would appear at first blush to be an idle remand, it must be remembered that this court's role is to *review* a trial court's exercise of discretion and not to exercise this discretion in the first instance. (See *Collateral Loan & Secondhand Dealers Assn. v. County of Sacramento* (2014) 223 Cal.App.4th 1032, 1041, fn. 7.) The trial court did not *irrevocably* commit itself to this course of discretion, nor elucidate the basis for making this discretionary sentencing choice.

the legislative view that punishment for jumping bail under section 1320.5 is proper regardless of the disposition of the underlying offense].)  As a result, the true question is whether the initiative has a *collateral* retroactive effect such that the pending felony drug possession charge *at the time of the breach of promise of failure to appear* in August 2014 became a misdemeanor as a matter of law retroactively, thereby negating a necessary statutory element of a failure to appear on a felony charge:  having been "*charged with . . .* the commission of a felony" (§ 1320, subd. (b), italics added).  We think not.

The initiative sought to reduce punishment for six specific drug and theft offenses (including the underlying possession offense at issue here), reducing them from straight felonies and wobblers to misdemeanors.  It achieved this goal in two different ways.  To provide prospective relief for pending and future convictions, the initiative amended the punishment under these statutes as of November 5, 2014, for eligible defendants (those without prior convictions under § 667, subd. (e)(2)(C)(iv)).  (§ 1170.18, subd. (i).)  It also provided for retrospective relief:  Eligible defendants who *presently* were *serving* a sentence for a conviction under one of the six specified statutes can *file petitions* for resentencing as misdemeanors under the present versions of the statute if doing so would not present an unreasonable risk of danger to public safety (§ 1170.18, subds. (a), (b), (c), (i)); as for eligible defendants who had *completed* a felony sentence, they can *file petitions* for redesignation of convictions as misdemeanors (*id*., subds. (f), (g), (i)).  After resentencing or redesignation, a conviction is "considered a misdemeanor for all purposes" (*id*., subd. (k)).  (*Rivera*, *supra*,  233 Cal.App.4th at pp. 1092-1093.)

Notably, nothing in the express language of the initiative or its ballot materials reflects any intent to provide retroactive *collateral* relief as a matter of law in the absence of a petition in a prosecution for a different offense premised upon a former felony violation of the affected statutes.  At the time of defendant's failure to appear in August

4

2014, there *was* a felony charge pending against defendant for which she had promised to appear.  The initiative did not purport to exercise a power to go back in time and alter the felony status of every affected offense in every context.  It merely offered the possibility of a reduction in current punishment for a conviction or a redesignation of the status of completed punishment for a conviction *on a petition for a recall of sentence*.[5]  Prior felony *convictions* remain such absent a petition; we do not discern, nor does defendant provide, any cogent reason why a then pending felony charge should transform to a misdemeanor as a matter of law for purposes of its collateral effect on a different offense.

This is true notwithstanding the declaration of misdemeanor status for all purposes in section 1170.18, subdivision (k).[6]  In the context of appellate jurisdiction over felony appeals, *Rivera* (and its companion case, *People v. Lynall* (2015) 233 Cal.App.4th 1102, discussing more succinctly a slightly different procedural context) found this language—which parallels the language from section 17 with respect to the reduction of wobblers to misdemeanors—should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes.[7]  (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.)

---

[5]  In *People v. Noyan* (2014) 232 Cal.App.4th 657, 672, we noted the explicit provision for the petition procedure precluded application of the retroactive provisions to a pending appeal.  (The Supreme Court has pending an analogous issue with respect to the petition procedure in § 1170.126 (*People v. Conley*, review granted Aug. 14, 2013, S211275, case fully briefed May 7, 2014]).)

[6]  Section 1170.18, subdivision (k) provides in relevant part:  "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ."

[7]  Among the most directly relevant of this precedent under section 17 is *People v. Moomey* (2011) 194 Cal.App.4th 850, which rejected an assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler:  "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect." (*Id*. at p. 857.)  Thus, at the time the defendant committed the act of assistance, the underlying offense was a felony. (*Id*. at p. 858.)

As a result, the felony status of an offense *at the time charges were filed with the trial court* remained unchanged notwithstanding the November 2014 initiative enactment, conferring jurisdiction on the Court of Appeal.  (*Rivera*, at pp. 1094-1095, 1099-1101.) *Rivera* similarly remarked on the absence of any indication that the electorate wished to venture outside the expressed context of *directly* reducing future and past *punishment* for *convictions* under the six included offenses.  (*Id*. at p. 1100.)

The trial court therefore lacked authority to amend the complaint in case No. CM042230 to redesignate the offense as involving failure to appear on a pending *misdemeanor* charge.[8]  We must accordingly set aside the order of probation and remand for further proceedings on the original complaint, at which time the trial court may, if still *inclined*, exercise discretion to reduce the failure to appear violation to a misdemeanor.

## DISPOSITION

The judgment (order of probation) is vacated, and we remand the matter for the trial court to proceed on the original felony complaint.  (***CERTIFIED FOR PUBLICATION***)


                                                   \_\_\_\_\_BUTZ_____, J.

We concur:


_____HULL_____, Acting P. J.


_____DUARTE_____, J.

---

[8]  We recently reached a similar conclusion in a different procedural context in *People v. Perez* (July 31, 2015, C078169) \_\_\_ Cal.App.4th \_\_\_ [2015 Cal.App. Lexis 666].