Filed 3/9/16  P. v. Strickland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078578 |
| v. | (Super. Ct. No. CRF14609) |
| EMILE LONNELL STRICKLAND, | |
| Defendant and Appellant. | |

Defendant Emile Lonnell Strickland pleaded no contest to felony failure to appear. After denying defendant's motion to reduce his failure to appear conviction to a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18),[1] the trial court sentenced him to a two-year split term of 180 days in county jail with the remainder under mandatory supervision.

Defendant now contends (1) his conviction for failure to appear should have been reduced to a misdemeanor pursuant to Proposition 47, and (2) the failure to impose a misdemeanor sentence violates his right to equal protection.  Finding no merit in defendant's contentions, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

A Yuba County Sheriff's deputy responded on August 7, 2014, to a report that a man was assaulting a woman. The deputy contacted defendant, determined that defendant was subject to a probation search condition, and conducted a probation search on defendant. The deputy found defendant in possession of one gram of methamphetamine.

The People charged defendant with felony possession of methamphetamine. (Health & Saf. Code, § 13777, subd. (a).) The trial court released defendant on his own recognizance but he failed to appear as ordered. Defendant subsequently pleaded no contest to felony failure to appear. (§ 1320, subd. (b).) The possession of methamphetamine charge was dismissed as part of the plea.

Proposition 47 was enacted by the voters and became effective after defendant's plea but prior to his sentencing, and defendant filed a motion to reduce his failure to appear conviction to a misdemeanor. The trial court denied the motion and sentenced defendant to a two-year split term of 180 days in county jail with the remainder under mandatory supervision.

DISCUSSION

I

Defendant contends his conviction for failure to appear should have been reduced to a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (the Act).

The Act requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) Among the affected crimes is possession of a controlled substance, which is now a misdemeanor with certain exceptions not relevant here. Section 1320 (failure to appear) is not among the offenses explicitly included in the text of the Act or the analysis of the

2

Legislative Analyst.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by the Legis. Analyst, pp. 35-36; *id*., text of Prop. 47, pp. 71-73.)  But failure to appear is a felony only if the defendant fails to appear for a felony charge (§ 1320, subd. (b)); failing to appear on a misdemeanor charge is a misdemeanor (§ 1320, subd. (a)).  Defendant argues that because his drug possession offense is now a misdemeanor, his failure to appear offense must also be reduced to a misdemeanor.[2] He claims these benefits apply retroactively pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  Defendant is incorrect.

The Act sought to reduce punishment for six specified drug and theft related crimes, reducing them from straight felonies or wobblers to misdemeanors.  It does so in two different ways.  Prospectively, the Act amended the punishment for the relevant crimes as of its effective date of November 5, 2014.  The Act also provided for limited retroactive relief.  Eligible defendants presently serving a sentence for a conviction under one of the six specified statutes could file petitions for resentencing as misdemeanors under the present versions of the statute if doing so would not present an unreasonable risk of danger to public safety.  (§ 1170.18, subds. (a)-(c), (i).)  Eligible defendants who had completed a felony sentence could file petitions for redesignation of convictions as misdemeanors.  (§ 1170.18, subds. (f), (g), (i).)  Thus, even if defendant had been convicted for possession of methamphetamine, the conviction would not have retroactively transformed to a misdemeanor.

The Act does not provide direct or collateral relief in a prosecution for a different offense premised upon a former felony violation of the affected statutes.  The Act does

---

[2]  This issue is currently before the California Supreme Court.  (See *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted Jan. 20, 2016, S231765; *People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015, S229046.)

not address section 1320 either directly, by listing it as one of the covered offenses, or indirectly, such as by allowing collateral attacks predicated on a prior conviction for an offense covered by the Act. In any event, defendant was not convicted for anything other than felony failure to appear.

*Estrada* does not help defendant. The court in that case held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*Estrada, supra*, 63 Cal.2d at p. 748.) The Legislature may signal its intent by including an express saving clause, or its equivalent, making the amendment prospective. (*People v. Nasalga* (1996) 12 Cal.4th 784, 793.) In *People v. Yearwood* (2013) 213 Cal.App.4th 161, the court held that a provision in Proposition 36, the Three Strikes Reform Act of 2012, which created a postconviction resentencing procedure similar to the one in section 1170.18, was the "functional equivalent" of a saving clause. (*Yearwood*, at pp. 167-172.) Referencing *Yearwood*, this court has concluded that a defendant subject to Proposition 47 is limited to the statutory remedy of a section 1170.18 petition for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)[3] *Estrada* is thus inapplicable to defendant's contention because the voters provided a limited vehicle for the Act's retroactive application, section 1170.18, which operates as the equivalent of a saving clause.

Likewise, section 1170.18, subdivision (k) does not assist defendant. It provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes . . . ." (§ 1170.18, subd. (k).) But in *People v. Rivera* (2015)

---

[3] *Noyan* was cited with approval on this point in a decision from Division Five of the Second District Court of Appeal. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 314.)

4

233 Cal.App.4th 1085, the court determined that subdivision (k), which parallels the language in section 17,[4] should be interpreted the same way: as prospective and not retroactive. (*Rivera,* at p. 1100; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857.)

Moreover, declining to apply the Act in the retroactive manner sought by defendant is supported by the serious nature of his failure to appear offense. Failure to appear is premised on a defendant's breach of a contractual agreement. (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28.) Because it is the breach of that promise that is the core of the offense, the ultimate disposition of the underlying offense is immaterial. (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [it is the legislative view that punishment for jumping bail under § 1320.5 is proper regardless of the disposition of the underlying offense].) Thus defendant could be convicted of felony failure to appear even though the drug charge forming the basis of this crime was dismissed as part of the plea agreement.

Because section 1170.18 does not mention section 1320 and does not apply to retroactively change the felony status of the drug offense upon which defendant's section 1320 conviction is based, it cannot apply where, as here, defendant was never convicted or punished for a crime covered by the Act. The trial court did not err in denying defendant's motion to reduce his failure to appear conviction to a misdemeanor.

II

Defendant further asserts that the failure to impose a misdemeanor sentence violates his right to equal protection. He claims there is differential treatment between

---

[4] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

those persons who failed to appear before the Act was passed and those who do so after it was passed, and there is no rational basis for the distinction.

Defendant's claim runs afoul of the well established rule that a new law can, without violating equal protection, set a beginning date for changes in the law reducing punishment for a crime. "Defendant has not cited a single case, in this state or any other, that recognizes an equal protection violation arising from the timing of the effective date of a statute lessening the punishment for a particular offense. Numerous courts, however, have rejected such a claim--including this court. [Citations.]" (*People v. Floyd* (2003) 31 Cal.4th 179, 188.) The voters could limit the retroactive application of the Act without violating equal protection. They did so, and defendant's claim lacks merit.

## DISPOSITION

The judgment is affirmed.


      /S/          
Mauro, J.

We concur:


    /S/      
Blease, Acting P. J.


    /S/      
Hoch, J.