Filed 3/15/16  P. v. Ferguson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078270 |
| Plaintiff and Appellant, | (Super. Ct. No. CM041680) |
| v. | |
| TIMOTHY LEROY FERGUSON, | |
| Defendant and Respondent. | |

The People appeal from a judgment reducing defendant Timothy Leroy Ferguson's conviction for a felony failure to appear (FTA) in violation of Penal Code section 1320, subdivision (b) to a misdemeanor violation of section 1320, subdivision (a). (Unless otherwise set forth, statutory section references that follow are to the Penal Code.)

The People argue the trial court's action under the "Safe Neighborhoods and Schools Act" (the Act) (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)),

1

which did not amend, reduce, or modify section 1320, subdivision (b) constituted an unauthorized expansion of the scope of the Act.

We agree with the People that the court's decision, pursuant to the Act, to reduce the section 1320, subdivision (b) FTA to a violation of section 1320, subdivision (a), a misdemeanor, was error. We will remand for resentencing.

## DISCUSSION

On August 11, 2014, defendant was charged with failing to appear while released on his own recognizance in violation of section 1320, subdivision (b), a felony. The complaint also alleged his failure to appear brought him within the provisions of section 12022.1 (penalty enhancement for felony committed while released from custody before final judgment on prior felony) thus adding two years to the penalty for a violation of section 1320, subdivision (b).

On November 5, 2014, defendant pleaded no contest to a violation of section 1320, subdivision (b) pursuant to an agreement with the People that the section 12022.1 penalty enhancement allegation would be dismissed.

On December 3, 2014, defendant appeared for sentencing for this offense. After argument, during which the People agreed that, whatever the applicability of Proposition 47, the court had the discretion to reduce the (section 1320, subdivision (b)) offense to a misdemeanor pursuant to section 17, subdivision (b), the court said:

"Right now, what I would indicate is that it is my belief under Prop. 47, [section 1320, subdivision (b)] should properly be - - should proceed as a misdemeanor under [section 1320, subdivision (a)]. As a fall back though, I am indicating that if an Appellate Court were to decide that I was wrong in the fact these are felonies under, I guess an equal protection and/or fairness argument, I would be inclined to reduce this under my discretion to a misdemeanor. [¶] . . . [¶]

2

"As it relates [to section 1320, subdivision (b)] . . . the Court believes that under the recent law, pursuant to Prop. 47, this should properly be treated as a misdemeanor under [section 1320, subdivision (a)]. It's hereby designating it as such.

"I will indicate that in the event that an Appellate Court disagrees with me, I do think under [equal] protection [and] fairness arguments, I would be using my discretion under [section 17, subdivision (b)] to reduce this to a misdemeanor pursuant to 1320 (*sic*). That would be a misdemeanor [section 1320, subdivision (b)], but for the time being I am designating [it] to be [section 1320, subdivision (a)]."

From the court's comments quoted above, we wonder whether the court intended to reduce defendant's offense to a misdemeanor under both the Act and pursuant to section 17, subdivision (b). But whatever the court's intent, the abstract of judgment reflects that, on the court's own motion, the section 1320, subdivision (b) offense as charged in count 1 of the complaint was reduced to a violation of section 1320, subdivision (a), a misdemeanor, pursuant to Penal Code section 1170.18, that is, pursuant to the provisions of Proposition 47. There is no mention of a reduction of the offense to a misdemeanor as authorized by section 17, subdivision (b).

The issue of whether a trial court may properly reduce a felony FTA under the Act is pending review by the California Supreme Court. (*People v. Eandi* (2015) 239 Cal.App.4th 801, petn. for review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, petn. for review granted Nov. 18, 2015, S229046.) We believe the People are correct that the trial court erroneously concluded that the Act applied.

Proposition 47 explicitly reduced certain, specified offenses from felonies to misdemeanors but section 1320 is not among those expressly included in the text of the Proposition. Failure to appear is a stand-alone offense of deceit that is based on a defendant's breach of a contractual agreement with the People (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28) and the ultimate disposition of the underlying offense is

3

immaterial (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [punishment is proper regardless of the disposition of the underlying offense]).  Thus, we conclude the trial court lacked authority to reduce defendant's felony FTA conviction to a violation of section 1320, subdivision (a) under the Act.

DISPOSITION

The court's order reducing defendant's violation of section 1320, subdivision (b) pursuant to Proposition 47 is reversed.  The matter is remanded to the trial court for further proceedings consistent with this opinion.


      HULL      , J.


We concur:


     NICHOLSON   , Acting P. J.


     DUARTE    , J.

4