Filed 5/6/16  P. v. Parks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GRANT PARKS,<br><br>    Defendant and Appellant. | C078737<br><br>(Super. Ct. No. SF121420A) |

Defendant Grant Parks appeals from the trial court's denial of his Penal Code section 1170.18[1] (Proposition 47) petition for resentencing on his conviction for felony failure to appear.  (§ 1320, subd. (b).)  He contends that the conviction should have been reduced to a misdemeanor because the offense underlying the failure to appear charge had been reduced to a misdemeanor pursuant to section 1170.18.  However, section

---

[1] Undesignated statutory references are to the Penal Code.

1

1170.18 does not apply to a felony failure to appear. The section was not intended to, and does not, provide for collateral retroactive effect as to offenses not specifically covered by it. We shall affirm the judgment.

BACKGROUND

In March 2012, defendant was arrested after leaving a Food 4 Less store without paying for various items that were worth a total of $23.14. He pleaded guilty to petty theft with a prior (§ 666) and admitted a prior prison term (§ 667.5, subd. (b)) in case No. SF119845A. Defendant did not appear for sentencing in August 2012, and he subsequently pleaded guilty to felony failure to appear and admitted a strike allegation (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) in case No. SF121420A. He was sentenced to five years eight months in state prison. Defendant appealed the convictions, but later abandoned his appeal.

Defendant subsequently filed a section 1170.18 petition as to the petty theft with a prior and failure to appear convictions. The trial court denied the petition as to the failure to appear offense and, on the People's motion, modified the petty theft with a prior offense to shoplifting (§ 459.5), and sentenced him to 10 days in jail with 10 days of credit on the shoplifting count.

DISCUSSION

Defendant contends that the reduction to a misdemeanor of the offense underlying his felony to appear conviction mandates reducing that conviction to a misdemeanor as well.[2] We disagree.

The passage of Proposition 47 (the Act) created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or

---

[2] This issue is currently before the California Supreme Court. (See *People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015, S229046.)

felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47. (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.) "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

The crime of failure to appear is a misdemeanor or felony if the defendant failed to appear on a felony charge, but is a misdemeanor if the defendant failed to appear for a misdemeanor charge. (§ 1320, subd. (b).) Defendant asserts that the "all purposes" language in subdivision (k) mandates the retroactive application of section 1170.18, which in turn requires that the failure to appear conviction be reduced to a misdemeanor since the underlying petty with a prior charge was reduced to a misdemeanor pursuant to section 1170.18. Finally, he claims that retroactive application of section 1170.18 is consistent with the rule that laws reducing punishment for crimes are presumptively retroactive (see *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*)) and with the Act's primary purpose.

This is not a case of the direct application of the Act, as failure to appear is not one of the offenses included in its text or the analysis of the Legislative Analyst. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) pp. 35-36, 71-73.) The Act achieves its intended purpose, the reduction of certain crimes from felonies or wobblers to misdemeanors, in two ways. It does so prospectively by reducing the punishment for the covered crimes as of its effective date. Retroactive application is limited to petitions for

3

resentencing by prisoners serving a sentence for one of the six enumerated crimes covered by the Act. (§ 1170.18, subds. (a)-(c), (i).) Persons who completed the sentence for one of the enumerated offenses could petition to have the prior conviction designated as a misdemeanor. (§ 1170.18, subds. (f), (g), (i).)

Because the crime of failure to appear is premised on defendant's breach of contract (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28), whether a defendant is convicted of the underlying offense is immaterial to the disposition of the failure to appear charge. (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [it is the legislative view that punishment for jumping bail under § 1320.5 is proper regardless of the disposition of the underlying offense].) Therefore, the real question here is whether the Act provides collateral retroactive relief transforming the pending felony petty theft with a prior charge to a misdemeanor at the time defendant did not appear for sentencing on that crime in August 2012.

Subdivision (k) of section 1170.18 was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*). *Rivera* found that section 1170.18, subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[3] should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently

---

[3] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

4

convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the Court of Appeal.**4** (*Rivera*, at pp. 1094-1095, 1099-1101.) We see no reason to depart from *Rivera*. Although *Rivera* addressed section 1170.18, subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

The Supreme Court reached a similar conclusion in the context of enhancements when interpreting section 17 in *People v. Park* (2013) 56 Cal.4th 782 (*Park*). In *Park*, the Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act. The distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*. "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General.

---

**4** *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*Rivera, supra*, 223 Cal.App.4th at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47--including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47--contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction"].)

"None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Id.* at pp. 799-800.)

The other arguments defendant makes in favor of retroactivity fare no better. The presumptive retroactivity of changes in the law reducing punishment for crime comes from *Estrada,* which held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*Estrada, supra*, 63 Cal.2d at p. 748.) The reason for this rule was that " '[a] legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.' " (*Id*. at p. 745.) While the electorate intended to reduce penalties for crimes when it passed the Act, it did so only for those crimes the Act specifically covers. Retroactivity is limited to the procedures set forth in section 1170.18, which in turn applies to the offenses specifically addressed by the Act.

While, as defendant notes, the Act's stated purpose is to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70), and that it " 'shall be liberally construed to effectuate its purposes' " (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222), those provisions do not change what is clear from the Act's text and structure. The Act was not intended to, and does not, provide for collateral retroactive effect as to offenses not specifically covered by it. Since reducing defendant's felony failure to appear conviction to a misdemeanor would require an impermissible retroactive collateral application of the Act, the trial court correctly rejected defendant's petition as to the failure to appear conviction.

## DISPOSITION

The judgment (order) is affirmed.

|  |
|---|
| /s/ |
| Blease, J. |

We concur:

|  |
|---|
| /s/ |
| Raye, P. J. |

|  |
|---|
| /s/ |
| Nicholson, J. |