Filed 5/24/16  P. v. Juergens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079264 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F8520, 13F189) |
| v. | |
| JUSTIN PAUL JUERGENS, | |
| Defendant and Appellant. | |

Defendant Justin Paul Juergens appeals from the trial court's order granting his petition for resentencing pursuant to Penal Code section 1170.18.  (Unless otherwise set forth, statutory references that follow are to the Penal Code.)  He contends that the imposition of the Government Code section 76104.7 DNA penalty assessment is an ex post facto violation.  In a supplemental brief, he contends that the conviction for felony failure to appear (§ 1320, subd. (b)) should have been reduced to a misdemeanor.  We shall modify the assessment and affirm the modified judgment.

1

On May 22, 2012, defendant was found in possession of methadone and methamphetamine. On August 3, 2012, defendant, who was charged with felony possession of a controlled substance (Health & Saf. Code, § 11350), failed to appear at a proceeding on the charge. On November 21, 2012, defendant took a hat from a Macy's store without paying for it.

Defendant pleaded guilty to second degree burglary (§ 459) and admitted a strike (§§ 667, subds. (b)-(d), 1170.12) in case No. 12F8520, and pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and felony failure to appear in case No. 13F189. The trial court imposed a stipulated term of eight years eight months in state prison.

Defendant subsequently filed a section 1170.18 resentencing petition. The trial court granted the petition as to the possession and burglary charges, reducing those crimes to misdemeanors and resentencing defendant to a six-year state prison term.

DISCUSSION

I

*DNA Penalty Assessment*

At resentencing, the trial court imposed a Government Code section 76104.7 DNA penalty assessment on the $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5) at the rate of $4 for every $10, or $20 in case No. 13F189. At the time of defendant's crime, Government Code section 76104.7 provided for a penalty assessment of $3 for every $10 of base fine. (Stats. 2011, ch. 36, § 16, eff. June 30, 2011.) The assessment was raised to $4 for every $10, effective June 27, 2012. (Stats. 2012, ch. 32, § 25.)

"[A] penalty assessment cannot be imposed without violating the constitutional prohibition of ex post facto laws if (1) the defendant's criminal act preceded its

2

enactment; and (2) the assessment is in fact a penalty.  [Citation.]"  (*People v. Batman* (2008) 159 Cal.App.4th 587, 590.)  The DNA penalty assessment is explicitly designated a penalty.  (*Id*. at p. 591.)  Accordingly, the DNA penalty assessments imposed in this case must be reduced to $3 for every $10, or $15 on the $50 fee.

II

*Failure to Appear*

Defendant contends that the trial court should have reduced his failure to appear conviction to a misdemeanor because the offense underlying the failure to appear count, possession of a controlled substance (Health & Saf. Code, § 11350), is now a misdemeanor after Proposition 47 was passed.

We note this issue is currently before the California Supreme Court.  (See *People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015, S229046.)

The passage of Proposition 47 (the Act) created section 1170.18, which provides for any defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense [to] petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . ." under the statutory framework as amended by the passage of Proposition 47.  (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)  "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."  (§ 1170.18, subd. (k).)

3

The crime of failure to appear is a misdemeanor or felony if the defendant failed to appear on a felony charge, but is a misdemeanor if the defendant failed to appear for a misdemeanor charge. (§ 1320, subd. (b).) Defendant asserts that the "all purposes" language in subdivision (k) mandates the retroactive application of section 1170.18, which in turn requires that the failure to appear conviction be reduced to a misdemeanor since the underlying possession of methamphetamine charge is now a misdemeanor.

This is not a case of the direct application of the Act, as failure to appear is not one of the offenses included in its text or the analysis of the Legislative Analyst. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) pp. 35-36, 71-73.) The Act achieves its intended purpose, the reduction of certain crimes from felonies or wobblers to misdemeanors, in two ways. It did so prospectively by reducing the punishment for the covered crimes as of its effective date. Retroactive application was limited to petitions for resentencing by prisoners serving a sentence for one of the six enumerated crimes covered by the Act. (§ 1170.18, subds. (a)-(c), (i).) Persons who had completed the sentence for one of the enumerated offenses could petition to have the prior conviction designated as a misdemeanor. (§ 1170.18, subds. (f), (g), (i).)

Because the crime of failure to appear is premised on defendant's breach of contract (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28), whether a defendant is convicted of the underlying offense is immaterial to the disposition of the failure to appear charge. (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [it is the legislative view that punishment for jumping bail under § 1320.5 is proper regardless of the disposition of the underlying offense].) Therefore, the real question here is whether the Act provides collateral retroactive relief transforming the pending felony petty theft with a prior charge to a misdemeanor at the time defendant did not appear for sentencing on that crime in August 2012.

Subdivision (k) of section 1170.18 was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085.

4

*Rivera* found that subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[1] should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the court of appeals. (*Rivera*, at pp. 1094-1095, 1099-1101.) *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*Rivera,* at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47--including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47--contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction"].)

We see no reason to depart from *Rivera*. Although *Rivera* addressed subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

The Supreme Court reached a similar conclusion in the context of enhancements when interpreting section 17 in *People v. Park* (2013) 56 Cal.4th 782. In *Park*, the

---

[1] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act. The distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*. "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General. "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Park*, at pp. 799-800.)

While the Act's stated purpose is to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70), and that it " 'shall be liberally construed to effectuate its purposes' " (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222), those provisions do not change what is clear from the Act's text and structure. The Act was not intended to, and does not, provide for collateral retroactive effect as to offenses not specifically covered by it. Since reducing defendant's felony failure to appear conviction to a misdemeanor would require an impermissible retroactive collateral application of the Act, the trial court correctly rejected defendant's petition as to the failure to appear conviction.

DISPOSITION

The Government Code section 76104.7 DNA penalty assessment is modified to $15. As modified, the judgment (order) is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modification and forward a copy to the Department of Corrections and Rehabilitation.


<u>     HULL          </u>, J.


We concur:


<u>     RAYE          </u>, P. J.


<u>     NICHOLSON    </u>, J.