Filed 6/17/16  P. v. Dodson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068318 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD249336) |
| ARMON DODSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Margie G. Woods, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Armon Dodson asks that, although his felony conviction

for failure to appear is not within the purview of Proposition 47 (The Safe Neighborhoods and School Act; hereafter the Act), we nonetheless apply the Act's remedial provisions to the conviction and reduce it to a misdemeanor. Dodson argues he is entitled to such relief because the underlying drug possession felony for which he was charged, then failed to appear, and was eventually convicted, has been reduced to a misdemeanor. We reject Dodson's contention. The Act was not intended to have any collateral retroactive impact on convictions that are not within its express provisions. Accordingly, we affirm the trial court's order denying his motion for relief from his failure to appear conviction.[1]

## FACTUAL AND PROCEDURAL HISTORY

### A. Felony Drug Possession

In June 2013, Dodson pled guilty to a single count of felony drug possession. (Health & Saf. Code, § 11350, subd. (a).) He then posted bail and was released from custody; however, he did not appear for his sentencing. While out of custody, Dodson committed additional drug offenses.

### B. Failure to Appear

In July 2013, the district attorney filed a second, separate felony complaint against Dodson. It alleged possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), possession of drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)), and felony failure to appear (Health & Saf. Code, § 1320, subd. (b)).

---

[1]     We note this issue is currently before the California Supreme Court. (See *People v. Eandi*, review granted Nov. 18, 2015, S229305; *People v. Perez*, review granted Nov. 18, 2015, S229046.)

Dodson agreed to plead guilty to the felony failure to appear in exchange for the district attorney's agreement to dismiss the additional drug possession charges. Dodson was sentenced to eight months in prison in the initial drug possession case and 16 months in the failure to appear case.

C. The Act

In November 2014, after Dodson's convictions were final, voters approved the Act, which reduced from felonies to misdemeanors enumerated drug and theft offenses and provided a process by which individuals previously convicted of the enumerated felonies could, under certain conditions, have them reduced to misdemeanors. (See Pen. Code, § 1170.18.)

In response to the passage of the Act, Dodson first filed a petition in the trial court under Penal Code section 1170.18, subdivision (a), in which he asked that his felony drug possession conviction be recalled and that he be resentenced under Health & Safety Code section 11350 as amended by Proposition 47. The trial court granted his petition and set a date for his resentencing on the drug possession conviction.

While he was awaiting resentencing on the drug possession conviction, Dodson filed a second pleading in the trial court. The second pleading was styled as a request that his conviction for failure to appear be dismissed. The trial court denied the request. Dodson filed a timely notice of appeal.

3

DISCUSSION

A.  Penal Code Section 1170.18

The Act reduced the punishment for specific drug- and theft-related offenses from straight felonies and wobblers[2] to misdemeanors for defendants without prior convictions under Penal Code section 667, subdivision (e)(2)(C)(iv) or for crimes requiring registration as a sex offender under Penal Code section 290, subdivision (c).  (See Pen. Code, § 1170.18, subd. (i); see also Pen. Code, §§ 459.5, 473, 476a, 490.2, 496 & 666; Health & Saf. Code, §§ 11350, 11357, 11377.)  Importantly here, the initiative also provided for retrospective relief: an eligible defendant serving a felony sentence for conviction of any one of the specified offenses may file a petition for resentencing under the present misdemeanor version of the offense, if doing so would not present an unreasonable risk of danger to public safety (Pen. Code, § 1170.18, subds. (a), (b), (c) & (i)); eligible defendants who have *completed* a felony sentence may file petitions for redesignation of their convictions as misdemeanors (*id*., subds. (f), (g) & (i)).

After resentencing or redesignation, a conviction is "considered a misdemeanor for all purposes."  (Pen. Code, § 1170.18, subd. (k).)  However, Penal Code section 1170.18, subdivision (n) states:  "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act."

---

2    Wobblers are offenses that may, in the discretion of the prosecutor or the trial court, be charged or punished as either felonies or misdemeanors.  (See Pen. Code, § 17, subd. (b); see also *People v. Feyrer* (2010) 48 Cal.4th 426, 430, 433, fn. 4 (*Feyrer*).)

B.  Failure to Appear

Under Penal Code section 1320, subdivision (a), a defendant released on his or her own recognizance after being charged with or convicted of a misdemeanor, who willfully fails to appear as required, is guilty of a misdemeanor; under Penal Code section 1320, subdivision (b), a defendant released on his or her own recognizance after being charged with or convicted of a felony, who willfully fails to appear as required, is guilty of a felony.[3]  Failure to appear is a crime of deceit that is premised on a defendant's breach of a contractual agreement.  (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28.)  Because breach of promise is the gist of the offense, the ultimate disposition of the underlying offense is immaterial.  (Cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [punishment for jumping bail under Penal Code section 1320.5 is proper regardless of the disposition of the underlying offense].)

C.  Analysis

Dodson recognizes his felony conviction under Penal Code section 1320, subdivision (b) is not one of the enumerated drug or theft offenses made expressly subject to the remedial provisions of Penal Code section 1170.18.  The question he raises is whether, although not one of the felonies that was the express subject of the Act, his felony failure to appear conviction was nonetheless retroactively undermined when the trial court determined that his drug possession conviction would be reduced to a

_____

[3]     Under Penal Code section 1320.5, a defendant charged with or convicted of a felony, who is released on bail, and who willfully fails to appear as required, is guilty of a felony.

misdemeanor for "all purposes."  (See Pen. Code, § 1170.18, subd. (k).)

We find no retroactive application of the relief provided by the Act.  Preliminarily, we note the Act itself did not provide any procedure or mechanism for retroactive relief from felony convictions for crimes other than the ones expressly enumerated in the Act. By its terms, the petition and procedure set forth in Penal Code section 1170.18, subdivisions (a) and (b)[4] only provides for resentencing under the enumerated statutes, as amended.  Thus, as Dodson's counsel apparently realized, the remedial procedure set forth in Penal Code section 1170.18, subdivisions (a) and (b) does not apply to unenumerated offenses, such as felony failure to appear.  Instead, the record shows that, rather than a petition under Penal Code section 1170.18, subdivision (a), Dodson made a request to dismiss his felony failure to appear conviction.  We are not aware of any statute that gave the trial court the power to provide him such relief.

We also note that, in a somewhat analogous case, the court in *People v. Rivera*

---

4       Section 1170.18, subdivisions (a) and (b) state in pertinent part:  "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

6

(2015) 233 Cal.App.4th 1085, 1099-1101 determined the phrase "shall be considered a misdemeanor for all purposes," as set forth in Penal Code section 1170.18, subdivision (k), does not apply retroactively so as to remove appellate jurisdiction from the Court of Appeal and provide it to the Appellate Division of the Superior Court in a case in which a felony conviction was recalled and resentenced as a misdemeanor under the Act. In finding no retroactivity, the court in *Rivera* relied on earlier holdings in *Feyrer*, *supra*, 48 Cal.4th at pages 438-439 and *People v. Banks* (1959) 53 Cal.2d 370, 381-382, which found that misdemeanor sentence reduction is not retroactive under Penal Code section 17, subdivision (b), which provides that felonies reduced to misdemeanors under that statute are misdemeanors for all purposes. We see no reason to depart from *Rivera*. Although Rivera addressed subdivision (k) in a different context, its analysis of subdivision (k) is quite relevant here.

In sum, while the Act's stated purpose is to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70), and that it " 'shall be liberally construed to effectuate its purposes' " (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222), those provisions do not change what is clear from the Act's text and structure. The Act was not intended to, and does not, provide for collateral retroactive effect as to offenses not specifically covered by it. Since reducing Dodson's felony failure to appear conviction to a misdemeanor would require an impermissible retroactive collateral application of the Act, the trial court correctly

7

rejected Dodson's motion.

DISPOSITION

The trial court's order is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

PRAGER, J.[*]

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.