Filed 7/12/16  P. v. Jewkes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079556 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042665) |
| v. | |
| JAMES JUSTIN JEWKES, | |
| Defendant and Appellant. | |

Defendant James Justin Jewkes appeals from the judgment entered following his no contest pleas in two separate cases.  In case No. CM041916, defendant pleaded no contest to possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)[1] In case No. CM042665, defendant pleaded no contest to felony failure to appear.  (Pen. Code, § 1320, subd. (b).)  At sentencing, the trial court redesignated defendant's possession of methamphetamine offense as a misdemeanor in light of the passage of the Safe Neighborhoods and Schools Act (Prop. 47, as approved by voters, Gen. Elec. (Nov.

---

[1] Undesignated statutory references are to the Health and Safety Code.

1

4, 2014)).  The trial court sentenced defendant to three years in prison on the failure to appear offense and to a concurrent one-year sentence on the possession of methamphetamine offense.  The trial court also ordered defendant to pay various fines, fees, and penalty assessments.

On appeal, defendant contends the abstract of judgment improperly reflects that he is required to pay two court operations assessments and two conviction assessments.  We disagree.  However, because we conclude there is a clerical error in the abstract of judgment, we will remand the matter for correction of that error.  In a supplemental brief, defendant argues for the first time that the trial court erred by failing to reduce his felony failure to appear offense to a misdemeanor.  We disagree and shall affirm the judgment as modified.

## DISCUSSION[2]

### A.    Court Operations Assessments and Conviction Assessments

In its oral pronouncement of sentence, the trial court ordered defendant to pay a $40 court operations assessment and a $30 conviction assessment for the misdemeanor offense and the felony offense.  The abstract of judgment reflects that defendant is required to pay two court operations assessments and two conviction assessments.  On appeal, defendant contends that the abstract of judgment contains an error because it should only reflect that he is required to pay one court operations assessment and one conviction assessment.  We disagree.

We conclude that the trial court properly imposed a $30 conviction assessment and a $40 court operations assessment for the misdemeanor offense and the felony offense. The text of the relevant statutes requires an assessment be imposed on "every conviction for a criminal offense."  (Gov. Code, § 70373, subd. (a)(1) ["[t]o ensure and maintain

---

[2]  We dispense with a recitation of the facts as they are unnecessary to our resolution of this appeal.

2

adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . in the amount of thirty dollars ($30)"]; Pen. Code, § 1465.8, subd. (a)(1) ["in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense"]; see *People v. Sencion* (2012) 211 Cal.App.4th 480, 483 ["The Courts of Appeal have held the court security fee and the court facilities assessment apply to each count of which a defendant is convicted"].) Accordingly, the abstract of judgment correctly reflects that defendant must pay two conviction assessments and two court operations assessments. However, because the abstract of judgment contains a clerical error, we conclude that remand for correction of that error is appropriate.[3]

It is the oral pronouncement of the court that is the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) "All fines and fees [orally imposed at sentencing] must be set forth in the abstract of judgment" because it " ' " 'digest[s] or summarize[s]' " ' " the judgment, and without such specification the Department of Corrections and Rehabilitation "cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.) Any discrepancy between the judgment as orally pronounced and the abstract of judgment is presumed to be the result of clerical error. (*Ibid.*; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) When the abstract of judgment does not accurately reflect the oral

---

[3] While there is no authority requiring a misdemeanor offense to be included on the abstract of judgment, this appeal could have been avoided had the trial court included the misdemeanor offense on the abstract of judgment and separately listed, with the statutory basis, all the fines, fees, and penalty assessments imposed for that offense. By lumping together all the fines, fees, and penalty assessments imposed for the felony offense and the misdemeanor offense, the abstract of judgment appears to reflect that certain fees were improperly duplicated.

pronouncement of sentence, an appellate court may order it corrected. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386, 388-389; see *Mitchell*, at p. 185 [an abstract of judgment is not judgment of conviction and does not control if different from the trial court's oral judgment; it is proper and important to correct such errors in abstracts of judgment].)

At sentencing, the trial court stated: "The restitution fine in the misdemeanor case will be $150. The suspended amount will be $150." However, the abstract of judgment does not list any fine in the amount of $150. Although unclear, it appears from the record that the trial court intended to impose two separate fines in the amount of $150. While the imposition of a separate restitution fine for the misdemeanor offense (in addition to the $300 restitution fine imposed for the felony offense) is appropriate (*People v. Soria* (2010) 48 Cal.4th 58, 62-66), a matching but suspended $150 fine is not authorized under Penal Code sections 1202.44 or 1202.45. Defendant was not granted probation for the misdemeanor offense, and he is not subject to a period of parole for that offense. Thus, neither a probation revocation fine (Pen. Code, § 1202.44) nor a parole revocation fine (Pen. Code, § 1202.45) is appropriate.

## B. Proposition 47

In October 2014, defendant pleaded no contest to possession of methamphetamine in violation of section 11377, subdivision (a). At the time of his plea, a violation of this section was a "wobbler," and therefore was punishable as either a misdemeanor or felony. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108; *People v. Feyrer* (2010) 48 Cal.4th 426, 438-439 ["When a defendant is convicted . . . of a wobbler . . . his or her offense is '*deemed* a felony' unless subsequently 'reduced to a misdemeanor by the sentencing court' "].) As amended by Proposition 47 in November 2014, a violation of section 11377, subdivision (a) is now punishable as a misdemeanor, unless a defendant had a prior conviction that qualified as a " ' "super strike" ' " offense or that required him to register as a sex offender under Penal Code section 290, subdivision (c). (*Lynall*, at

4

pp. 1108-1109; § 11377 [see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 13, p. 73].)

In January 2015, defendant failed to appear for sentencing. A complaint was subsequently filed, charging defendant with felony failure to appear in violation of Penal Code section 1320, subdivision (b). In April 2015, defendant pleaded no contest to this offense. At sentencing, the trial court redesignated the possession of methamphetamine offense as a misdemeanor and sentenced defendant to one year in prison, to run concurrent to the three-year prison sentence imposed on the failure to appear offense.

In his supplemental brief, defendant contends the trial court erred by failing to reduce his felony failure to appear offense to a misdemeanor. According to defendant, the trial court was required to reduce this offense to a misdemeanor in light of the redesignation of his possession of methamphetamine offense as a misdemeanor under Proposition 47. We disagree.

We recently decided this precise issue in *People v. Eandi* (2015) 239 Cal.App.4th 801 (review granted, Nov. 18, 2015, S229305) and *People v. Perez* (2015) 239 Cal.App.4th 24, 32 (review granted, Nov. 18, 2015, S229046). We recognize these decisions have been superseded by the grant of review, but continue to find their reasoning persuasive and will follow it here.

When, as here, a person willfully fails to appear after being convicted of a felony, a charged failure to appear is a felony. But when the underlying conviction is a misdemeanor, the failure to appear is a misdemeanor. (Pen. Code, § 1320, subds. (a) & (b).) Proposition 47 explicitly reduced certain, specified offenses from felonies to misdemeanors, but Penal Code section 1320 is not among those expressly included in the text of the Proposition. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) pp. 35-36, 71-73.) Failure to appear is a stand-alone offense of deceit that is based on a defendant's breach of a contractual agreement with the People (*People v. Jenkins* (1983) 146 Cal.App.3d 22, 28) and the ultimate disposition of the underlying offense is

5

immaterial (cf. *People v. Walker* (2002) 29 Cal.4th 577, 583 [punishment is proper regardless of the disposition of the underlying offense]).

As a result, the question is whether Proposition 47 has a collateral retroactive effect such that the felony drug possession conviction became a misdemeanor as a matter of law retroactively prior to defendant's failure to appear for sentencing in January 2015, thereby negating a necessary statutory element of the failure to appear on a felony conviction: having been "convicted of the commission of a felony." (Pen. Code, § 1320, subd. (b).) Nothing in either the express language of the initiative or its ballot materials reflects any intent to provide retroactive collateral relief as a matter of law. (*Eandi*, *supra*, 239 Cal.App.4th at p. 805, rev. granted.) In January 2015, when defendant failed to appear, he had been convicted of a felony for which he had promised to appear for at sentencing. "The initiative did not purport to exercise a power to go back in time and alter the felony status of every affected offense in every context. It merely offered the possibility of a reduction in current punishment for a conviction or a redesignation of the status of completed punishment for a conviction *on a petition for a recall of sentence*." (*Eandi*, at pp. 805-806, fn. omitted.) Redesignation of an offense from a felony to a misdemeanor under Proposition 47 applies prospectively, i.e., from the date of redesignation forward. (*Eandi,* at p. 806.) Thus, a felony offense redesignated as a misdemeanor under Proposition 47 is a felony prior to redesignation, and is treated as a misdemeanor only after the time of redesignation. (*Eandi,* at p. 806.) Accordingly, because redesignation of the possession of methamphetamine offense occurred after defendant failed to appear, we find no sentencing error. The trial court lacked the authority to reduce defendant's felony failure to appear offense to a misdemeanor.[4]

---

[4] In light of our conclusion, we need not consider the alternative argument raised by defendant in his supplemental brief.

## DISPOSITION

This matter is remanded with directions to the trial court to prepare a corrected abstract of judgment in accordance with this opinion.  The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

/s/
Blease, Acting P. J.

We concur:

/s/
Robie, J.

/s/
Hoch, J.

7